**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| GREGORY M. SHIVELY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:04-cv-1478-DFH-WTL |
| | ) |
| MR. CURRY, | ) |
| MR. JERRY COLLINS, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Defendants' Motion to Dismiss**

The plaintiff alleges that the defendants, Mr. Curry and Mr. Collins, internal affairs investigators employed at the Plainfield Correctional Facility ("PCF"), violated his First and Fourteenth Amendment rights by withholding for three weeks a piece of mail which contained nude pictures of his girlfriend, a nurse formerly employed at the PCF by Prison Health Services. He seeks $300,000.00 in compensatory damages against the defendants and $50,000.00 in punitive damages against each defendant.

Defendant Collins filed a Rule 12(b)(6) motion to dismiss, with which defendant Curry has joined. The plaintiff has responded to the defendants' motion.

A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint, not the factual accuracy of the allegations of the complaint. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). Such a motion may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page,* 291 F.3d 485, 486 (7th Cir. 2002).

"The free-speech clause of the First Amendment applies to communications between an inmate and an outsider." *Zimmerman v. Tribble,* 226 F.3d 568, 572 (7th Cir. 2000). To state such a claim, however, a plaintiff must allege a "continuing pattern or repeated occurrences" of delivering mail in an untimely manner. *Id.* "Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment." *Id.* at 573 (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987)). In *Zimmerman*, the plaintiff alleged that his receipt of a piece of mail from his fiance was delayed for three weeks. The court held that these allegations, even when bolstered with a conclusory assertion that there was a "routine practice of not processing incoming offender mail in a timely manner," failed to state a claim upon which relief could be granted. *Id.* Here, the plaintiff's argument that two or three weeks is more than a short-term delay is not persuasive in light of the holding of *Zimmerman*, in which case a three week delay failed to state a claim. The complaint fails to state a First Amendment claim.

The plaintiff alleges that his Fourteenth Amendment rights were violated because he was not given notice that his mail was being held for investigation and he had to track down the mail on his own. The plaintiff alleges that after he was informed by his girlfriend that she had sent him a letter and nude pictures, he wrote a letter to Mr. Curry and filed a grievance.  He alleges that he discussed the matter with Curry and then ultimately did receive the mail and photographs. After he received the mail, he also sent other letters of complaint, and a tort claim. The plaintiff asserts that he was entitled to notice that his mail was being held and investigated.  In *Procunier v. Martinez*, 416 U.S. 396, 416-18 (1974), the court approved regulations that required that notice be given to a prisoner and to the sender if the delivery of mail was prohibited. Here, the mail in question was not rejected by the prison.  It was withheld temporarily for investigation. *Martinez* does not require notice under such circumstances.  Moreover, the plaintiff did complain about the delay in delivery and ultimately received the mail and photographs, and he has alleged no cognizable harm. The plaintiff's due process claim fails to state a claim upon which relief can be granted.

Based on the foregoing, the defendants' motion to dismiss the complaint must be **granted.** The motion to strike plaintiff's response, filed by defendant Collins, is **denied.** Judgment consistent with this Entry shall now issue.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date:   8/29/2005